UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20030-CR-LENARD/GOODMAN

UNITED STATES OF AMERICA

vs.

SOLOMAN ZAID ALKADHI,

Defendant.
_____/

**COURT EXHIBIT**

CASE NO. 14-20030-CR-Lenard

EXHIBIT NO. 1

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and SOLOMAN ZAID ALKADHI (the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Information, which charges the defendant with making a materially false statement involving international terrorism, in violation of Title 18, United States Code, Section 1001(a)(2).

2. The defendant agrees and understands that the above charge involves the defendant's conduct between on or around December 4, 2008 through on or around November 30, 2010 concerning the defendant's travel to East Africa and his ensuing effort to provide material false statements to law enforcement officers following his return to the United States. This agreement resolves the defendant's federal criminal liability from prosecution growing out of any criminal conduct by the defendant known to the United States, as of the date of this plea agreement, including, but not limited to, the above-described scheme.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to eight (8) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment

imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept the sentencing recommendation made jointly by the defendant and this Office.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court sentence the defendant to a 60-month term of imprisonment, to be followed by a three (3) year term of supervised release.

9. The defendant acknowledges that he has received a full explanation from his attorney regarding legal venue of the charges, and knowingly, voluntarily, and intelligently agrees to waive any issues relating to the proper venue of the charges contained in the Information.

10. This Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph 1, above. This Office understands it has a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order in addition to the discovery already turned over to the defendant. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4-24-14   By: _____
ADAM FELS
ASSISTANT UNITED STATES ATTORNEY

Date: 4/24/14   _____
CHARLES SWIFT, ESQ.
ATTORNEY FOR DEFENDANT

Date: 4/24/14   _____
SOLOMAN ZAID ALKADHI
DEFENDANT